**Ming YANG, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Alberto Gonzales, Attorney General,[1] Respondent.**

**No. 03–40002–AG.**

United States Court of Appeals, Second Circuit.

Oct. 27, 2006.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

David X Feng, New York, NY, for Petitioner.

Linda R. Anderson, Assistant United States Attorney (Dunn Lampton, United States Attorney for the Southern District of Mississippi, on the brief), United States Attorney's Office for the Southern District of Mississippi, Jackson, MS, for Respondent.

Present: DENNIS JACOBS, Chief Judge, ROBERT D. SACK, PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioner Ming Yang ("Yang"), a native and citizen of the People's Republic of China, seeks review of a May 1, 2003 order of the BIA affirming, without opinion, the January 23, 2002 decision of Immigration Judge ("IJ") Sandy Hom denying petitioner's application for asylum, withholding of removal, and relief under the Convention

Against Torture ("CAT"). *In re Yang, Ming,* No. A 79 312 257 (BIA May 1, 2003), *aff'g* No. A 79 312 257 (Immig. Ct. N.Y. City Jan. 23, 2002). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented on appeal.

Where (as here) the BIA affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), we review the IJ's decision as the final agency determination. *Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

Substantial evidence supports each of the three grounds upon which the IJ relied in denying Yang's petition for asylum: (1) conflicting and non-detailed testimony regarding material elements of his claim, (2) inauthentic documents, some of which conflicted with his testimony; and (3) an adverse credibility finding.

■ (1) Substantial evidence supports the IJ's conclusion that Yang failed to offer consistent and detailed testimony, including: (a) Yang's failure to provide details concerning his anti-revolutionary speech; (b) his assertion that, despite being a fugitive at the time, he was able to depart China with (forged) travel documents in his own name, and (c) his inconsistent testimony regarding the details of his departure from China.

■ (2) Substantial evidence supports the IJ's conclusion that Yang submitted

inauthentic documentary evidence: (a) the documents were not contemporaneously dated with the events detailed therein (b) Yang failed to explain how his wife came into possession of the documents, (c) despite admittedly being in contact with his wife, Yang failed to procure a statement from her detailing the alleged forced abortion,[2] (d) though Yang testified that he was a "construction work[er]," his registration listed his occupation as "farmer" (which would have allowed his wife to bear the second child that Yang claims was aborted), and (e) Yang submitted two marriage certificates dated five years apart, but each displayed the very same photograph of Yang and his wife.

■ (3) The IJ made an adverse credibility finding, concluding that Yang's "testimony was an example of rote memorization rather than an attempt to translate from memory as to events that had occurred to him." "When a factual challenge pertains to a credibility finding ... we afford 'particular deference' in applying the substantial evidence standard, mindful that the law must entrust some official with responsibility to hear an applicant's asylum claim, and the IJ has the unique advantage among all officials involved in the process of having heard directly from the applicant." *Zhang,* 386 F.3d at 73 (quoting *Montero v. INS,* 124 F.3d 381, 386 (2d Cir.1997) (internal citations omitted)).

Substantial evidence supports the IJ's adverse credibility finding, including the IJ's observations that: (a) when asked to provide details of his factual assertions, Yang "shift[ed] in the witness chair," "fidget[ed]," was "hesitant," and "engaged in constant throat clearing," (b) he delayed

---

**2.** Where "it is reasonable to expect corroborating evidence ... such evidence should be provided or an explanation should be given as

to why such information was not presented." *Diallo v. INS,* 232 F.3d 279, 285 (2d Cir.2000) (internal quotation marks omitted).

answering questions in order to "seek[ ] an opportunity to formulate an answer," (c) he was unable to provide a lucid explanation for the inconsistency between his household registration and testimony, and (d) he could not explain the applicability of the local family planning policy to his situation.

(4) Yang failed to raise his claims for withholding of removal or relief under CAT in his appeal to the BIA; he only appealed from the IJ's denial of asylum.[3] His failure in that regard bars consideration of his withholding and CAT claims by this Court. "A court may review a final order of removal only if ... the alien has exhausted all administrative remedies available to the alien as of right." 8 U.S.C. § 1252(d)(1). "Failure to exhaust [these remedies] constitutes a clear jurisdictional bar." *Foster v. INS*, 376 F.3d 75, 77 (2d Cir.2004) (internal citation and quotation marks omitted).

Finally, the IJ's denial of asylum "is supported by 'reasonable, substantial, and probative' evidence in the record when considered as a whole." *Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003) (*quoting Diallo v. INS*, 232 F.3d 279, 287 (2d Cir.2000)).

For the reasons set forth above, the petition is hereby **DENIED**. Having completed our review, the pending motion for a stay of removal in this petition is **DENIED** as moot.

---

3. In his submission to the BIA, Yang asserted that: "Although Respondent's case included minor inconsistencies in his oral testimony, Respondent [sic] testified consistently with his application, and his case is substantial enough to *warrant a grant of asylum*." (em-

phasis added). He makes no mention of his withholding of removal or CAT claims. Similarly, in his Notice of Appeal to the BIA, Yang argued only that he "made out a Prima Facia [sic] case *for Asylum*." (emphasis added).