SUMMARY ORDER

Petitioner seeks review of the June 12, 2007 order of the BIA denying his motion to reopen. In re Ming Yang, No. A79 312 257 (B.I.A. June 12, 2007). We assume the parties’ familiarity with the underlying facts and procedural history of the case.
We review the BIA’s denial of a motion to reopen for abuse of discretion. See Kaur v. BIA, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). Under 8 C.F.R. § 1003.2(c)(2), an individual must file a motion to reopen within 90 days of the entry of the final decision in the underlying proceeding. However, this time limitation might be equitably tolled if the motion to reopen is based on a claim of ineffective assistance of counsel. See Jin Bo Zhao v. INS, 452 F.3d 154 (2d Cir.2006). To seek equitable tolling based on ineffective assistance of counsel, an applicant has been required to show that he exercised due diligence in pursuing the case during the period of time for which he seeks tolling. Iavorski v. I.N.S., 232 F.3d 124, 134-35 (2d Cir.2000); Matter of Compean, 24 I. & N. Dec. 710 (A.G.2009).
In this case, there is no dispute that Petitioner’s motion to reopen, filed almost four years after his May 2003 final order of removal, was untimely. Moreover, the BIA did not abuse its discretion in declining to toll the time limitation on the motion based on his claim of ineffective assistance of counsel. The BIA properly *667 found that Yang did not exercise due diligence and that equitable tolling was therefore not warranted. See Iavorski, 232 F.3d at 134-35.
Yang’s ineffective assistance of counsel argument is based on the deficiency of the brief his former counsel filed in the BIA. As the BIA concluded, Yang should have discovered any such deficiency “at least as of the filing of the Second Circuit brief by new counsel” challenging the BIA’s affir-mance of the IJ’s adverse credibility finding. See Jian Hua Wang v. BIA, 508 F.3d 710, 715 (2d Cir.2007). Yang first raised the issue of deficiency nearly a year later.
The BIA did not abuse its discretion in finding that Yang failed to show he was prejudiced by counsel’s alleged deficient performance. Even if the arguments posited by Yang had been made, there is no indication that the result of the proceedings would have been different; this Court has already reviewed the administrative record and found that substantial evidence supported each of the IJ’s grounds for denial, including grounds that would not be affected by Petitioner’s arguments. See Yang v. U.S. Dep’t of Justice, 202 Fed.Appx. 511 (2d Cir.2006) (unpublished); see also Johnson v. Holder, 564 F.3d 95 (2d Cir.2009) (“The law of the case doctrine commands that ‘when a court has ruled on an issue, that decision should generally be adhered to by that court in subsequent stages of the came case’ unless ‘cogent and compelling reasons militate otherwise.’ ”) (citing United States v. Quintieri, 306 F.3d 1217, 1225 (2d Cir. 2002)).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).